

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00617-CR

The **STATE** of Texas,
Appellant

v.

Heberto **GARZA-GARCIA**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 17-CRS-266
Honorable Everardo Garcia, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Luz Elena D. Chapa, Justice
    Beth Watkins, Justice

Delivered and Filed: June 5, 2019

AFFIRMED

The State appeals an order granting appellee Heberto Garza-Garcia's motion to suppress. The State raises a single, multifarious issue concerning whether there was a warrantless search of the curtilage of Garza-Garcia's home without exigent circumstances and whether a search warrant obtained based on the illegally obtained information was relied upon in good faith. We affirm the trial court's order.

## BACKGROUND

On July 20, 2017, Pedro Estrada, an investigator with the Rio Grande City Police Department, and Natividad Gonzalez, an investigator with the District Attorney's Office, went to Garza-Garcia's home without a warrant to conduct a "knock and talk." According to Estrada, there was a fence around the property, but the gate was open. There was a trailer home on the lot, and behind the trailer home was a gray storage building located at the far back end of the property.

Estrada knocked on the front door, and no one answered. Gonzalez went to the back and knocked, but no one answered. Estrada and Gonzalez did not see a "No Trespass" sign on the property. Estrada and Gonzalez then walked to the gray storage building. The gray storage building was up to 40 feet away from the front door. At the gray storage building, Estrada and Gonzalez smelled the odor of marijuana.

Estrada executed an affidavit to obtain a search warrant, swearing he and Gonzalez smelled the odor of marijuana. A magistrate issued a search warrant for the entire property, including the gray storage building. When the warrant was executed, Garza-Garcia was inside the trailer home. Garza-Garcia walked the investigators to the gray storage building and unlocked it. The investigators found numerous bundles of packaged marijuana inside the storage building.

Garza-Garcia was indicted for intentionally or knowingly possessing 50 to 2,000 pounds of marijuana. Garza-Garcia filed a motion to suppress. Both Estrada and Gonzalez testified at the suppression hearing. Estrada testified if he owned the property, he would have considered someone who walked off the street and on to the back of the property a trespasser. He later stated he would not consider himself a trespasser under the circumstances because he was present for the purpose of contacting the property owner. Gonzalez initially testified anyone on the street has the right to walk to the back of the property and "snoop around" if the gate is left "open." He later testified if he had been the owner of the property, he "would have a problem with that."

The trial court granted Garza-Garcia's motion to suppress. The trial court also made findings of fact and conclusions of law, which included:

- The structure was located up to approximately 40 feet from the front door according to Investigator Gonzalez, and the structure was not within any reasonable path from the entrance of the property to any door of the residence. Investigator Estrada could not smell any odor of marihuana while situated at the front door of the residence while knocking.

- Investigators and Border Patrol then secured the property while Investigator Estrada left to draft a search warrant for the residence. The Affidavit for Search and Arrest Warrant drafted by Investigator Estrada details the information gained by the warrantless entrance of the property, and the odor emitting from the cinderblock structure. No other firsthand information was used in the Affidavit for Search and Arrest Warrant by Investigator Estrada that would independently provide probable cause for the search warrant. No exigent circumstances were described by the investigators.

- The issuance of the search warrant did not attenuate the taint from the illegal search and arrest because the illegal warrantless search never ended since the officers remained on the property while the warrant was obtained.

- A law enforcement officer, like any other member of the public has the right to enter onto a residential property, walk up to the front door, and knock on the front door for the purpose of contacting the occupants.

- Investigators engaged in an illegal search under the Fourth Amendment when they went beyond the scope of walking towards the residence's front door and knocking, by intruding onto [Garza-Garcia]'s curtilage and property without consent nor search warrant and going to the southeast corner of the property which was approximately 40 feet away from the front entrance, and which was not located near any established pathway to a door to the house.

The State timely filed a notice of appeal.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review a trial court's conclusions of law de novo. *Id.* at 328. If a trial court's fact findings are supported by the record or are based on the evaluation of witness credibility and demeanor, we should afford them almost total deference. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "The trial judge is

the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When the trial court makes express findings of fact, we view the evidence in a light most favorable to the ruling and determine whether the evidence supports the findings. *Id.*; *see Rodriguez v. State*, 968 S.W.2d 554, 558 n.8 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

DISCUSSION

The State presents a single issue in its brief, combining multiple subpoints. The State's issue is:

> The trial court's ruling that a warrantless search occurred with no exigent circumstances when an investigator entered a property with an open fence without posted "No Trespassing" signs to knock at the back door of a trailer to make contact with the inhabitant and he subsequently detected the odor of marihuana emitting from an unfinished cinder block structure, secured the premises, and obtained a warrant to search the structure that was relied on in good faith does not survive *de novo* review.

The argument section in support of this issue also combines these various subpoints. As such, the State's issue is multifarious, presents nothing for our review, and may be overruled on that basis alone. *See County v. State*, 812 S.W.2d 303, 308 (Tex. Crim. App. 1989). However, even if we consider what appears to be the merits of the State's subpoints, each lacks merit.

## A. "Standard of Review" Subpoint

In the first subpoint, the State asserts, "The facts in this case are uncontested and credibility and demeanor of the witnesses are not at issue so this Court should review the trial court's application of law to the facts *de novo*." The State describes some of the evidence and the trial court's findings. Although we agree that we review de novo any application of law to facts, this subpoint alone does not show the trial court reversibly erred by granting Garza-Garcia's motion to suppress. *See* TEX. R. APP. P. 44.2.

**B. "Curtilage" Subpoint**

In its second subpoint, the State argues, "Investigator Gonzalez did not conduct a warrantless search when he entered the curtilage of the property by approaching the back door of the trailer to knock because he entered to contact the owner, not to gather evidence." The State contends a police officer may conduct a "knock and talk" at a person's property when there is no notice that entry is forbidden and the officer does not trespass on the defendant's property. Within this subpoint, the State suggests that without a "No Trespass" sign, an officer may freely roam around a person's residential property and knock on "any door."

The Fourth Amendment protects against unreasonable searches. *Cooksey v. State*, 350 S.W.3d 177, 183 (Tex. App.—San Antonio 2011, no pet.). A "search" occurs under the Fourth Amendment when a governmental agent physically intrudes into an area in which a person has a reasonable expectation of privacy. *State v. Rendon*, 477 S.W.3d 805, 808–09 (Tex. Crim. App. 2015). "A person has a reasonable expectation of privacy not only in his home, but also in the curtilage of his home." *Cooksey*, 350 S.W.3d at 183. To determine whether an area belongs to the home's curtilage, we consider:

> (1) the proximity of the area claimed to be curtilage to the home, (2) whether the area is included within an enclosure surrounding the home, (3) the nature of the uses to which the area is put, and (4) the steps taken by the resident to protect the area from observation by people passing by.

*Id.* at 183–84 (quoting *United States v. Dunn*, 480 U.S. 294, 301 (1987)). Nevertheless, "the public, including police, may enter sidewalks, pathways, common entrances, and similar passageways in order to approach and knock upon a home's front door." *Id.* at 184.

The State appears to concede "Gonzalez . . . entered the curtilage of the property by approaching the back door of the trailer to knock," and does not expressly challenge the trial court's finding that Gonzalez and Estrada entered the curtilage of Garza-Garcia's home. *See* TEX.

R. APP. P. 38.1(i). Furthermore, Garza-Garcia's property was entirely fenced, but the gate at the front of the property was open. The gray storage building was immediately behind the mobile home at the very back of the property. The building was described as a cinderblock storage unit, which is not a dwelling. Even in the absence of a "No Trespass" sign, we hold that when Gonzalez and Estrada went behind Garza-Garcia's home, they entered the home's curtilage and thereby conducted a "search" under the Fourth Amendment. *See Cooksey*, 350 S.W.3d at 183–84. Although the State argues entry into the curtilage was necessary for officer safety, a warrantless search cannot be justified based on exigent circumstances alone without probable cause. *See Turrubiate v. State*, 415 S.W.3d 433, 437 (Tex. App.—San Antonio 2013, pet. ref'd).

The State contends that the investigators' entrance into the curtilage of Garza-Garcia's home was not improper because the investigators were simply seeking to speak to Garza-Garcia and for officer safety. The record does not support this contention. The investigators testified they knocked on the front and back doors of Garza-Garcia's trailer home, and no one answered. They then went behind the trailer home to investigate the gray storage building. The investigators did not merely enter a sidewalk, pathway, common entrance, or similar passageway to approach and knock upon a home's front door. Instead, they continued into the curtilage of Garza-Garcia's home without a warrant or probable cause. *See id.* at 183–84. As noted above, both investigators testified that if they were the owner of the property, they would believe their entrance into the back of the property constituted either trespassing or unacceptable snooping around. We hold this subpoint does not show the trial court reversibly erred by granting Garza-Garcia's motion to suppress. *See* TEX. R. APP. P. 44.2.

## C. "Good Faith" Subpoint

In its final subpoint, the State argues the "investigators secured a warrant that they relied on in good faith to later search the unfinished cinder block structure and seize the marihuana"

under article 38.23 of the Texas Code of Criminal Procedure. Article 38.23 provides no evidence obtained in violation of the law shall be admitted against the accused in a criminal trial. TEX. CODE CRIM. PROC. art. 38.23(a). Article 38.23 provides an exception when "the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* art. 38.23(b).

Initially, the State did not urge the denial of the motion to suppress on this ground in the trial court and is therefore procedurally barred from raising this issue for the first time on appeal. *State v. Cuong Phu Le*, 463 S.W.3d 872, 876 n.2 (Tex. Crim. App. 2015). Furthermore, article 38.23's exception requires "objective good-faith reliance upon" a warrant. *McClintock v. State*, 541 S.W.3d 63, 67 (Tex. Crim. App. 2017). Estrada obtained and then executed the search warrant, which was based on knowledge obtained by Estrada and Gonzalez entering the curtilage of Garza-Garcia's home without probable cause in violation of the Fourth Amendment. We disagree with the State's suggestion that when an officer obtains information in violation of a person's Fourth Amendment rights, the violation is rectified by the officer using the illegally obtained information to obtain and execute a search warrant. *See id.* at 72–73. We overrule this final subpoint.

## CONCLUSION

For the reasons above, we overrule the State's sole issue, and affirm the trial court's order granting Garza-Garcia's motion to suppress.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH